Pierre v City of New York (2024 NY Slip Op 05652)

Pierre v City of New York

2024 NY Slip Op 05652

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 402980/05 Appeal No. 3036 Case No. 2024-00410 

[*1]Farah Pierre, an Infant, by her Mother and Natural Guardian, Carmelle Pierre, etc., Plaintiff-Appellant, Carmelle Pierre, Individually, Plaintiff,
v
City of New York, et al., Defendants-Respondents.

Cheryl J. Kinch, Brooklyn for appellant.
Muriel, Goode-Trufant, Acting Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.

Order, Supreme Court, New York County (John. J. Kelley, J.), entered on or about December 7, 2023, which, granted the motion of Cheryl J. Kinch, as co-trustee of the Supplemental Needs Trust for plaintiff Farah Pierre, to reargue, and upon reargument, adhered to its prior order to the extent it adopted the recommendations in the court examiner's reports to reduce Kinch's requested commissions for 2009, 2010, 2013, and 2015 and award no commissions for 2011, 2016, 2017, and 2018, unanimously affirmed, without costs.
"Although the motion court purported to deny the motion for reargument, it effectively granted the motion by addressing the merits. Accordingly, the order is appealable" (Rodriguez v State of New York, 197 AD3d 1055, 1055 [1st Dept 2021]; CPLR 5701[a][2][viii])
The court's determination is supported by the record. The operative trust agreement does not require strict compliance with SCPA 2309 but entitles the trustee to "such compensation as may be allowable" under that provision "or such compensation as the Court may otherwise approve." The court providently exercise its discretion in approving the recommended reductions (in some cases down to zero) based on the minimal amount of work performed and the failure to consistently pay insurance premiums and maintain appropriate documentation.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024